**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHARMAINE MAYNARD, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 3:09-cv-1993 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | (MAGISTRATE JUDGE BLEWITT) |
| ENT SURGICAL ASSOCIATES, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the Court is Magistrate Judge Blewitt's Report and Recommendation ("R & R") of December 9, 2009 (Doc. 8) and Plaintiff's Objections to the Magistrate Judge's R & R (Doc. 9). Magistrate Judge Blewitt recommended that Plaintiff be granted *in forma pauperis* ("IFP") status and that the case be dismissed. (Doc. 3.) This Court will modify Magistrate Judge Blewitt's R & R, deny Plaintiff IFP status and dismiss the case for the reasons discussed below.

## BACKGROUND

On October 9, 2009, Plaintiff Charmaine Klatch-Maynard filed an Amended Complaint and Motion for Leave to Proceed *In Forma Pauperis*. (Docs. 2-3.) Magistrate Judge Blewitt issued an Order on October 15, 2009, requiring Plaintiff to supplement her IFP application because the information provided did not allow the court to make a proper determination as to her financial status; Plaintiff complied and submitted a supplement to her IFP application on November 22, 2009.

Defendants are various corporate medical entities and individual doctors. (Compl. ¶¶ 5-7.) Plaintiff's Amended Complaint alleges that, on October 2 and 8, 2007, while accompanying her friend to a doctor's appointment, Plaintiff was barred from the premises because of her guide dog. (*Id.* at ¶¶ 2-3.) On October 10, 2007, Plaintiff was notified in a

letter sent by Defendants that she was not to attempt to access their premises. (*Id*. at ¶ 10.)

Plaintiff's Amended Complaint claims "Denial of Procedural Due Process Under the U.S. Federal Constitution" (Count I), "Denial of Equal Protection Under the U.S. Federal Constitution" (Count II), "Denial of Substantive Due Process Under the U.S. Federal Constitution" (Count III), "Denial of Federal, Constitutionally and Statutorily Protected Rights Under the American with Disabilities Act and Pennsylvania Human Relations Act" (Count IV), "Denial of Pennsylvania Constitutional Rights According to Article I § 1" (Count V), "Denial of Pennsylvania Constitutional Rights According to Article I § 2" (Count VI), and "Retaliation" (Count VII).

On December 9, 2009, Magistrate Judge Blewitt issued an R & R that granted Plaintiff IFP status because of her financial circumstances, but recommended the case be dismissed after screening Plaintiff's claims. Plaintiff filed an objection to the R & R on December 23, 2009. (Doc. 9.)  No response was filed.

## STANDARD OF REVIEW

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the

Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

28 U.S.C. § 1915 provides a two-step process for reviewing IFP applications. The U.S. Court of Appeals for the Third Circuit has made it clear that this Court should consider a litigant's financial status and determine whether he is eligible to proceed IFP, then assess the complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from suit. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990) (court assesses complaint for frivolousness under § 1915(d)); Prison Litigation Reform Act, Pub. L. No. 104-134, § 804(a), (c)-(e), 110 Stat. 1321, 1321-74 (1996) (replacing 1915(d) with 1915(e), adding bases of review). The Court shall dismiss the case if it determines that the action is frivolous, malicious, or fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The decision whether to grant or deny IFP status rests within the sound discretion of the district courts. *United States v. Holiday*, 436 F.2d 1079, 1079-80 (3d Cir. 1971) (citing decisions from other circuits). When the plaintiff clearly fails the second step of the IFP inquiry, the Court need not consider the plaintiff's financial status. *See Oduche v. Donale*, No. 3:08-cv-2010, 2008 WL 5378279, at

*1 (M.D. Pa. December 22, 2008).

In the instant case, the Court need not consider Petitioner's financial status because her Petition fails the second step of IFP review. Because Plaintiff's Objections to the R & R center around Magistrate Judge Blewitt's failure to consider all of the statutory and constitutional causes of action listed in the Amended Complaint, this Court will systematically eliminate each statute or constitutional section cited by Plaintiff.

### 1.    42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United States, and that the alleged violation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Plaintiff brings her cause of action against private medical corporations and individual doctors working in a private capacity. Nowhere does she allege that any of the Defendants were acting under color of state law or that they exercised power that clothed them with the authority of state law. Therefore, she does not meet the threshold for stating a cause of action under § 1983. Because her Complaint fails to state a claim for relief under § 1983, all such claims must be dismissed.

### 2.    42 U.S.C. § 12132

42 U.S.C. § 12132 makes it a violation of the ADA for a "public entity" to discriminate

4

against a qualified individual with a disability or to exclude such an individual in the benefits of services, programs or activities of said public entity. For purposes of Chapter II of the ADA, in which the aforementioned section falls, "public entity" is defined as 1) any state or local government, 2) any department agency, or instrumentality of a state or local government, and 3) the National Railroad Passenger Corporation, or any other commuter authority. 42 U.S.C. § 12131.

Plaintiff's Amended Complaint does not allege that any of the Defendants meet the definition of "public entity." Therefore, Defendants cannot violate the ADA under the sections cited by Plaintiff. As such, all claims under 42 U.S.C. § 12132 must fail and all claims based on this statute will be dismissed.

### 3.    ADA and PHRA Claims

Plaintiff's Amended Complaint also broadly cites the ADA and PHRA, without citing to any specific statutory sections other than the aforementioned inapplicable ADA section. Federal Rule of Civil Procedure 8(a)(2) requires a short plaint statement of the claim showing that the pleader is entitled to relief.

Both the ADA and PHRA cover a host of situations in which a disabled person might be entitled to relief against discrimination, such as with public accommodations, employment situations, and public entities. However, without a citation to a specific statutory section it is impossible for this Court, or the Defendants for that matter, to know precisely the claim that Plaintiff is attempting to make. As such, any claims brought by invoking the ADA and PHRA *in toto* necessarily fail to meet the basic notice pleading requirement envisioned in the Federal Rules of Civil Procedure. As such, Plaintiffs' ADA and PHRA claims will be dismissed.

### 4.    18 PA. CONST. STAT. § 7325

Plaintiff also cites 18 PA. CONST. STAT. § 7325. This a criminal statute and cannot be brought by a Plaintiff in a civil lawsuit. Any claims involving this statute will be dismissed.

### 5.    42 U.S.C. § 2000a

42 U.S.C. §2000a makes it a violation for places of public accommodation to discriminate on the basis of "race, color, religion, or national origin." Plaintiff does not allege that she has been discriminated against for any of these reasons. Therefore, any citation to this statute is inapposite and these claims will be dismissed.

### 6.    Federal Constitutional Claims

The headings for Plaintiff's claims suggest that she is making claims for violations of procedural due process, substantive due process and equal protection under the Fourteenth Amendment. She also invokes the Fourteenth Amendment in the body of most of her claims.

The Fourteenth Amendment only protects citizens "when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." *Brentwood Academy v. Tennessee Secondary School Athletic Assoc.*, 531 U.S. 288, 295 (2001) (internal quotations omitted). Although the Fourteenth Amendment sometimes protects against seemingly private behavior, it only does so when there is such a close nexus between the State and the action that the conduct may be fairly treated as if it was done by the State itself. *Id.* (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S., 345, 351 (1974).

Plaintiff has not alleged any state action, nor has she alleged any nexus between the Defendants and the state that would fairly attribute the Defendants' private activities to the government. Therefore, the Fourteenth Amendment of the United States Constitution does

6

not protect against the type of action alleged and Plaintiff's claims will be dismissed.

**7. Pennsylvania Constitutional Claims.**

All of Plaintiff's claims exclusively seek damages for the alleged wrongdoing by Defendants. The Pennsylvania Constitution only supports claims for equitable or injunctive relief, not for money damages. *Moeller v. Bradford County*, 444 F. Supp.2d 316, 327 n.13 (M.D. Pa. 2006). Therefore, Plaintiff is not entitled to relief on any of her claims under the Pennsylvania Constitution because she seeks only monetary damages, which are not available for such claims. Thus, these claims will also be dismissed.

**8. Retaliation Claim**

It is unclear precisely what claim Plaintiff is attempting to make out for "retaliation." Plaintiff's brief in support of her objections consists of a three-sentence argument, contending that the Defendants' actions were motivated by Plaintiff's disability which is sufficient to meet the "substantial motivating factor" test. Ignoring the Rule 8 implications of these claims, it appears to this Court that Plaintiff is attempting to make a claim for First Amendment retaliation under § 1983. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 285-86 (1977) (discussing substantial motivating factor test in First Amendment retaliation claims).

As discuss above, Plaintiff must allege that a person acting under color of state law violated her rights in order to make a successful § 1983 claim. No such allegations were made in the Amended Complaint; therefore, Plaintiff's retaliation claim will also be dismissed.

**CONCLUSION**

As the Court has found that Plaintiff's claims are all frivolous or fail to state a claim on

7

which relief can be granted, the Court will deny Plaintiff IFP status and dismiss the case, thereby modifying Magistrate Judge Blewitt's R & R which granted IFP status and then dismissed the case.

_____                            _____
Date                                                                            A. Richard Caputo
                                                                                   United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHARMAINE MAYNARD, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 3:09-cv-1993 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | (MAGISTRATE JUDGE BLEWITT) |
| ENT SURGICAL ASSOCIATES, et al., | : | |
| Defendants | : | |

## ORDER

**NOW**, this _____ day of January, 2010, after consideration of Magistrate Judge

Blewitt's Report and Recommendation recommending that Plaintiff be granted IFP status and

that all of Plaintiff's claims be dismissed, and of Plaintiff's objection to the Magistrate Judge's

Report and Recommendation, **it is hereby ORDERED** that:

1. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

2. The Report and Recommendation is **MODIFIED**.

3. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is **DENIED**.

3. All of Plaintiff's claims are **DISMISSED**.

4. The Clerk of the Court is to mark the matter in this Court **CLOSED**.


_____
A. Richard Caputo
United States District Judge